UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re: CASE NO.: 3:07-bk-3826-JAF

JEFFREY DAVID BEBACK
and JENNIFER LYNN BEBACK,

Debtors.
_________________________________/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This case came before the Court upon a Motion for an Order of Contempt and Sanctions for Violation of Discharge Injunction (Doc. 80). On May 14, 2013 the Court conducted a hearing on the matter and, in lieu of oral argument, took the matter under advisement and directed the parties to submit post-trial memoranda. Upon the evidence and the applicable law, the Court makes the following Findings of Fact and Conclusions of Law.

Findings of Fact

Debtors filed a bankruptcy case in 2007. Debtors owed a pre-petition debt to the Roger W. Mathews Revocable Trust (the "Trust") as a result of a promissory note which they executed and delivered on November 13, 2003 (Debtors' Ex. 1). At the time Debtors executed the promissory note, Roger W. Mathews was the Trustee of the Trust (Debtors' Ex. 2). On February 10, 2009 Roy Mathews was appointed as the successor trustee of the Trust (the "Respondent")(Id.).

Debtors received a discharge on July 24, 2009 (Respondent's Ex. 3). On October 8, 2012 the Respondent filed a Complaint on Promissory Note (the "Complaint") in the Circuit Court of Putnam County, Florida (the "Circuit Court Action")(Debtors' Ex. 1).

During October 2012 Jennifer Beback was served at her home with the Complaint. Mrs. Beback testified that her children, who are 8 and 10, were awakened by the ringing of the doorbell at 7:00 a.m. and were "terrified" by the presence of a police officer, who served the Complaint. Mrs. Beback also testified that she suffered embarrassment because she had out of town family members at her home who were asking questions, which required her to explain the circumstances.

On November 15, 2012 Debtors filed a Motion to Dismiss the Complaint with prejudice and sought attorney's fees in the Circuit Court Action. (Respondent's Ex. 3). On November 29, 2012 the Respondent dismissed the Complaint. (Respondent's Ex. 1). Mrs. Beback testified that the month and a half between the time she was served with the Complaint and the Complaint was dismissed was stressful because she did not know if the issue would be brought up again.

On February 15, 2013 Debtors filed an Affidavit as to Reasonable Attorney's Fees in the Circuit Court action, seeking an award of fees for 7.7 hours at the hourly rate of $275.00 for a total of $2,117.50. (Respondent's Ex. 2). On that same day Debtors filed a memorandum in support of attorney's fees stating that "[t]his action should never have been brought in the first place; [the Respondent] was made well-aware of the bankruptcy proceedings and was noticed of [Debtors]' discharge. [The Respondent] filed this lawsuit despite the fact that [he] knew or should have known that there were no grounds for collecting on this discharged debt. The lawsuit caused considerable expense to [Debtors] in attorney's fees necessary to respond to the suit, an expense [Debtors] should not be forced to bear." (Respondent's Ex. 2).

On May 3, 2013 the court in the Circuit Court Action entered Order on Attorney's Fees. (Respondent's Ex. 3). Therein the court noted that the [Respondent] had filed the Complaint on October 8, 2012. The Court then stated "[u]nbeknownst to [the Respondent] and his attorney, the debt was discharged in Bankruptcy Court ... on July 24, 2009....The customary practices in instances such as [these], where the defendant/debtor and the Plaintiff are both represented by counsel, is for one attorney to call the other and advise that the debt has been discharged in bankruptcy. A simple phone call will usually do. In this case, [Debtors]' attorney filed a formal pleading with the affidavits and attended a hearing. The amount of the [time] expended on the matter by [Debtors]' attorney was not reasonable or necessary." The Circuit Court awarded Debtors' attorney $275.00 for an hour of time.

Undeterred by their lack of success in the Circuit Court, Debtors filed the Motion for Contempt. Debtors seek attorney's fees in the amount of $2,908.13 and an award of $15,000.00 for emotional distress and punitive damages.

Conclusions of Law

Section 524 of the Bankruptcy Code operates as a post-discharge injunction against the collection of debts discharged in bankruptcy and is thus the embodiment of the Code's fresh start concept. Hardy v. United States (In re Hardy), 97 F.3d 1384, 1388 (11th Cir. 1996). Section 524 provides in relevant part:

> (a) A discharge in a case under this title- (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such

> debt as a personal liability of the debtor, whether or not discharge of such debt is waived;

11 U.S.C. § 524 (West 2013). Although § 524 does not explicitly authorize monetary damages for a violation of the discharge injunction, a court may award actual damages pursuant to the statutory contempt powers set forth in 11 U.S.C. § 105. Hardy, 97 F.3d at 1389-1390. A [creditor] may be liable for contempt under § 105 if it willfully violates § 524's permanent injunction. Hardy, 97 F.3d at 1390. A creditor's conduct in violating the discharge injunction is willful if the creditor: 1) knew that the discharge injunction was invoked; and 2) intended the actions, which violated the discharge injunction. Id. A creditor's subjective belief or intent is irrelevant. In re Dynamic Tours & Transp., Inc., 359 B.R. 336, 343 (Bankr. M.D. Fla. 2006)(citing Hardy, 97 F.3d at 1390). Receipt of notice of a debtor's discharge is sufficient to establish the knowledge element of the Eleventh Circuit's two-part test. Id.

At the hearing on this matter, Debtors presented Mrs. Beback's testimony as evidence that they received a discharge. However, Debtors presented no evidence as to when or to whom the notice of discharge was sent. Accordingly, the Court has no evidence before it that the notice of discharge was sent to the Respondent. Debtors requested at the hearing that the Court take judicial notice of the Court file to establish that the notice of discharge was sent to the Respondent. The Court declined to do so. In their post-trial memorandum, Debtors renew their request that the Court take judicial notice of its file. Debtors acknowledge that generally judicial notice of the record will not serve as evidence of the truth of the matter. However, Debtors contend that Local Bankruptcy Rule 7005-1(f) provides an exception to the general rule. Local Rule 7005-1(f) provides that "[p]roof of service made in accordance with the provisions of this rule

shall be taken as prima facie proof of service." Debtors assert that the notice of discharge was signed under penalty of perjury by the director of the Bankruptcy Noticing Center, attesting to the fact that notice was sent to the address provided by the Respondent, and that absent a rebuttal of such prima facie evidence, it is established that the Respondent received notice of Debtors' discharge.

In order to rebut the prima facie effect of proof of service set forth in the rule, Respondent must produce evidence equivalent in probative value to that conferred by the rule. See In re Mission Health, Inc., 252 B.R. 223, 228 (Bankr. M.D. Fla. 2000)(setting forth burden of proof on debtor objecting to proof of claim, which is prima facie evidence of validity and amount of claim). But, the ultimate burden of persuasion rests with Debtors. Id. The Court finds that Respondent produced evidence sufficient to rebut the prima facie evidence that the Respondent received notice of Debtors' discharge. Specifically, the Circuit Court's Order on Attorney's Fees provided: "[u]nbeknownst to [the Respondent] and his attorney, the debt was discharged in Bankruptcy Court ... on July 24, 2009....The customary practices in instances such as [these], where the defendant/debtor and the Plaintiff are both represented by counsel, is for one attorney to call the other and advise that the debt has been discharged in bankruptcy. A simple phone call will usually do." Respondent having rebutted the prima facie effect of the proof of service of the Notice of Discharge, Debtors failed to meet their burden of persuasion. The Court finds that, while the filing of the Complaint was a violation of the discharge injunction, it was not willful because the Respondent did not receive notice of Debtors' discharge and did not know that the discharge injunction was invoked.

The Court notes that even if it had found that the Respondent willfully violated the discharge injunction, it would have awarded neither punitive damages nor damages for emotional distress. The Court has previously held that in order to sustain a recovery of actual damages for emotional distress resulting from a violation of the discharge injunction, a debtor must prove that his emotional distress is more than fleeting, inconsequential, and medically insignificant. In re Nibbelink, 403 B.R. 113, 120-121 (Bankr. M.D. Fla. 2009). In the absence of conduct of such an egregious or extreme nature that emotional distress would be expected to occur, a debtor must present some medical or other corroborating evidence showing they suffered more than fleeting and inconsequential distress, embarrassment, humiliation, and annoyance. Id. The imposition of punitive damages for a violation of the discharge injunction is appropriate when the violator acts in an egregious, intentional manner. Id. at 122. The conduct in the instant case was neither of an egregious nor extreme nature such that emotional distress would be expected to occur. For the same reason, punitive damages would not have been warranted in this case.

Finally, the Court would have awarded minimal to no attorney's fees. Attorney's fees awarded pursuant to § 362(k)(1) must be reasonable and necessary. In re Robinson, 228 B.R. 75, 85 (Bankr. E.D.N.Y. 1998). "The policy of section [362(k)], to discourage willful violations of the automatic stay, is tempered by a reasonableness standard born of courts' reluctance to foster a 'cottage industry' built around satellite fee litigation." Id. (citing Putnam v. Rymes Heating Oils, Inc., 167 B.R. 737, 741 (Bankr. D N.H. 1994)). The same policy applies to violations of the discharge injunction. Absent Debtors obtaining an award of damages for emotional distress or punitive damages, the likelihood

of which should have been apparent from the Court's published cases, the only remaining purpose of the motion would have been to seek an award of attorney's fees, a purpose, which the Court would not have condoned.

## **Conclusion**

Debtors failed to prove that Respondent received notice of Debtors' discharge and therefore knew that the discharge injunction was invoked. Accordingly, Debtors failed to prove that Respondent willfully violated the discharge injunction and are therefore not entitled to damages.

**DATED** this 12 day of September, 2013 at Jacksonville, Florida.

**JERRY A. FUNK**
United States Bankruptcy Judge

Michael D Bruckman is directed to serve a copy of this Order on interested parties and file a proof of service within three days of entry of the Order.